**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 23-4403**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

JEFFREY TUDDER,

        Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk.  John A. Gibney, Jr., Senior District Judge.  (2:22-cr-00098-JAG-DEM-1)

Submitted:  January 30, 2024              Decided:  February 5, 2024

Before KING, AGEE, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Elizabeth L. Van Pelt, Mary L. Stoney, LIBBEY VAN PELT LAW, PLLC, Arlington, Virginia, for Appellant.  Jessica D. Aber, United States Attorney, Joseph Attias, Assistant United States Attorney, Richmond, Virginia, Victoria Liu, Special Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Norfolk, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jeffrey Tudder appeals his convictions following his guilty plea to possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C), and possession of a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1).  He argues that, at the Fed. R. Crim. P. 11 colloquy, the magistrate judge erred in finding his guilty plea knowing and intelligent because he was under the influence of an antianxiety medication and that the magistrate judge never asked him about the medication's name, dosage, or side effects.  We affirm.

Because Tudder neither raised an objection during the Rule 11 colloquy nor moved to withdraw his guilty plea in the district court, we review the magistrate judge's acceptance of the guilty plea only for plain error.  *United States v. Ziegler*, 1 F.4th 219, 228 (4th Cir. 2021) (holding that plain error review applies when a defendant represented by counsel fails to raise a competency issue in the district court).  To establish plain error, Tudder "must show that:  (1) an error occurred; (2) the error was plain; and (3) the error affected his substantial rights."  *United States v. Lockhart*, 947 F.3d 187, 191 (4th Cir. 2020) (en banc).

"Before a court may accept a guilty plea, it must ensure that the defendant is competent to enter the plea."  *United States v. Nicholson*, 676 F.3d 376, 382 (4th Cir. 2012) (internal quotation marks omitted).  A defendant is competent if he "has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and "a rational as well as factual understanding of the proceedings against him."  *United States v. Moussaoui*, 591 F.3d 263, 291 (4th Cir. 2010) (internal quotation marks omitted).

2

"For medication to render a defendant incompetent, the medication must have so impaired his mental faculties that he was incapable of full understanding and appreciation of the charges against him, of comprehending his constitutional rights, and of realizing the consequences of his plea." *Nicholson*, 676 F.3d at 382 (internal quotation marks omitted).

At the plea colloquy, Tudder informed the magistrate judge that his antianxiety medication did not affect his ability to understand the proceedings. Furthermore, Tudder's answers to the magistrate judge's questions throughout the colloquy reflected that Tudder understood the charges, his rights, and the proceedings. Accordingly, we conclude that the magistrate judge did not plainly err in finding Tudder's guilty plea knowing and intelligent.

We therefore affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

3